**In re Maxine KIRBY a/k/a Maxine Kirby Rodriguez, Trustee, Debtor.**

**PROVIDENT NATIONAL BANK, Plaintiff,**

v.

**Maxine KIRBY a/k/a Maxine Kirby Rodriguez, Trustee,**

**and**

**Margaret Graham, Trustee, Defendants.**

Bankruptcy No. 80–02516G.
Adv. No. 81–0066G.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 27, 1981.

**902**

Brett K. Kunin, Philadelphia, Pa., for plaintiff, Provident National Bank.

Stokes E. Mott, Jr., S. Simpson Gray, Philadelphia, Pa., for debtor/defendant, Maxine Kirby a/k/a Maxine Kirby Rodriguez, trustee.

Margaret Graham, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue which confronts us in the case at bench is whether a debtor who owns property as a fiduciary may file a petition under chapter 13 both as an individual and as a trustee where she does not earn any income as trustee but only in her individual

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** Apparently neither party considers it important that the property is held by "Maxine Kir-

---

capacity. We conclude that she may not because, as a trustee, she is not "an individual with a regular source of income" as required by § 109(e) of the Bankruptcy Code ("the Code").

The facts of the instant case are as follows:[1] On November 12, 1972, Maxine W. Kirby ("the debtor") and her then husband, Charles G. Kirby, executed a purchase money mortgage to the Provident National Bank ("Provident") in the amount of $12,500 on premises located at 723 Dorset Street, Philadelphia, Pennsylvania. Because of a default on that loan, Provident instituted mortgage foreclosure proceedings in the state court and entered judgment against the debtor and her husband on July 3, 1980. Thereafter, Provident filed a writ of execution and the premises were scheduled for sheriff's sale on October 6, 1980.

On October 3, 1980, the debtor, under the name of Maxine Kirby, filed a petition for an adjustment of her debts under chapter 13 of the Code. When the Sheriff of Philadelphia County was served with a copy of the petition he ordered the sale of the premises stayed.

At the time of the filing of the debtor's petition, the property which had been scheduled for sale was titled in the name of "Maxine W. Kirby, Trustee," because the premises had been transferred by the debtor and her former husband to the debtor as trustee for their two children. Although the debtor had originally filed her petition under chapter 13 solely in her individual name, she subsequently, in an effort to stay the sheriff's sale, amended her petition so that the caption read "Maxine Kirby, a/k/a Maxine Kirby Rodriguez, Trustee."[2]

Provident then filed a complaint for relief from the automatic stay provisions of § 362(a) of the Code in which it also requested that the petition of the debtor as trustee be dismissed.[3] At the trial, the only

by, Trustee" whicle the amended petition was filed by "Maxine Kirby Rodriguez, Trustee."

**3.** Provident's motion to dismiss was based on two grounds: (1) that the debtor has failed to make the payments required under and outside

evidence offered by Provident was the testimony of the debtor who was called as an adverse witness and conceded that she had no income in her capacity as trustee. On the basis of that testimony, Provident argued that the debtor as trustee was not an individual with a regular source of income and, therefore, was not eligible for relief under chapter 13 of the Code. Accordingly, Provident alternatively requested that the automatic stay be modified to permit it to proceed against the property held by the debtor as trustee or that the chapter 13 case of the debtor as trustee be dismissed. The debtor offered no evidence at the trial but simply argued that the stay should not be lifted because there was a significant amount of equity in the property and that the property was necessary to the debtor's chapter 13 plan, neither of which averments was disputed by Provident.

With respect to the motion to dismiss the chapter 13 case of the debtor as trustee, we agree with Provident that the debtor as trustee is not eligible to file a petition under chapter 13 of the Code. Section 109(e) of the Code provides: "Only an individual with regular income ... may be a debtor under chapter 13 of this title" and § 101(24) defines an "individual with regular income" to include "an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker."

While we cannot categorically state that one who acts as a trustee or in any other fiduciary capacity may never file a petition under chapter 13,[4] we conclude that such an individual may not file a petition under chapter 13 unless he has a regular source of income. In the case *sub judice* the debtor has admitted that she has no income in her capacity as trustee. Therefore, we conclude that she is ineligible in her capacity as

trustee to file a petition under chapter 13. Accordingly, we will dismiss the chapter 13 case filed by the debtor in her capacity as trustee.

Neither the debtor nor Provident offered any testimony on the issues relevant to a modification of the automatic stay.[5] Each assumed that the dismissal of the petition of the debtor as trustee makes that issue moot. Because of the lack of evidence, we are unable to determine whether the debtor *as an individual* has any interest in the realty to which she holds title "as trustee." Since Provident, as the party requesting relief from the stay, has the burden of proof on the issue of the debtor's lack of equity or interest in the property,[6] its failure to present any evidence on that issue is fatal to that portion of its complaint which seeks modification of the automatic stay. Lacking such evidence we cannot determine whether the automatic stay applies and we must deny the complaint founded on that unproven premise.

of the plan and (2) that the debtor as trustee was not eligible for relief under chapter 13. At the trial Provident requested that we postpone a decision on the first basis for its motion until it could get a reply from Margaret Graham, the chapter 13 standing trustee, as to the debtor's payments under the plan.

4. We have been unable to find any cases or commentary which address this exact issue.

5. *See* 11 U.S.C. § 362(d).

6. *See id.* at § 362(g).