In re Paul David BAILEY, Debtor.

FIRST & MERCHANTS NATIONAL BANK, Plaintiff,

v.

Paul David BAILEY, Defendant.

Bankruptcy No. 80–01945.
Adv. Proceeding No. 81–0044–R.

United States Bankruptcy Court,
E. D. Virginia.

April 17, 1981.

---

Jay G. Kauffman, Richmond, Va., for defendant/debtor.

William J. Strickland, McGuire, Woods & Battle, Richmond, Va., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Complaint by First & Merchants National Bank, a Virginia corporation, Plaintiff herein, requesting in Count I that this Court grant it permission to take discovery of the Debtor, Paul David Bailey, Defendant herein, concerning a suit pending in state court between Plaintiff, General Commonwealth Corporation (General Commonwealth) and the Defendant in which the Defendant has filed a counterclaim against the Plaintiff. Count II of Plaintiff's Complaint requests that this Court grant relief from the automatic stay to enable the Plaintiff to proceed with foreclosure of its deed of trust on property owned by the Debtor and General Commonwealth. Count III requests this Court to grant relief from the automatic stay to obtain an accounting from the Defendant as a fiduciary of Commonwealth Pension Service Company (Commonwealth Pension). An Answer was filed by the Defendant objecting to the taking of discovery as requested in Count I, requesting that the Plaintiff be enjoined from proceeding with its trustee's sale in Count II and requesting that the Plaintiff be enjoined from pursuing any action against the Defendant in his capacity as director of Commonwealth Pension as alleged in Count III. A preliminary hearing was held in the matter and upon the submission of briefs by the Plaintiff and Defendant, the Court makes the following determination.

### COUNT I

On December 5, 1980, Defendant filed a Voluntary Petition for Relief as a debtor under chapter 7 of Title 11 of the United States Bankruptcy Code. As of the date of filing of his petition, a suit was pending between the Plaintiff, Defendant and General Commonwealth in which the Defendant filed a counterclaim against the Plaintiff. Plaintiff requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that it may take discovery of the Defendant in order to defend itself against the Defendant's counterclaim. Moreover, Plaintiff contends that the limited discovery of the Defendant for the purpose of defense is not the type of interference with the bankruptcy case which the Code sought to prevent.

In reviewing the legislative history to 11 U.S.C. § 362(d)(1), it is stated that cause sufficient to permit a court to grant relief from stay includes lack of interference with the pending bankruptcy case and

a desire to permit an action to proceed to completion in another tribunal. Moreover, proceedings in which the debtor is a fiduciary need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. H.R.Rep.No.595, 95th Cong. 1st Session 343–4, U.S.Code Cong. & Admin. News 1978, 5787 (1977).

Applying this criteria to the present case, it is this Court's determination that the stay should be lifted to permit limited discovery of the Defendant for the purpose of defense of Defendant's counterclaim against the Plaintiff. Any other decision to the contrary would be clearly inequitable, for it would allow the Defendant to pursue a claim against the Plaintiff without giving the Plaintiff the opportunity to defend itself.

Further, this Court does not see any interference to the Defendant in his bankruptcy proceeding for it is the Defendant himself who is pursuing an action against the Plaintiff and hence, any alleged interference in the bankruptcy case is by the Defendant's own doing.[1] Accordingly, this Court grants the Plaintiff relief from stay pursuant to § 362(d)(1) for the purpose of allowing the Plaintiff to make discovery of the Defendant for the limited purpose of defense against the Defendant in his counterclaim.

### COUNT II

Plaintiff has requested that this Court grant relief from the automatic stay to enable it to proceed with foreclosure of its deed of trust. In 1973, the Plaintiff made a loan to General Commonwealth in the principal amount of $50,000. This obligation is represented by a promissory note made by General Commonwealth in the principal amount of $50,000 and is secured by three parcels of land owned individually or jointly by the Defendant and General Commonwealth. The note is currently in default in the amount of $71,175.43 in unpaid principal and interest as of December 18, 1980. The value of the three parcels of property held as security for the note appears to be $34,000. The Plaintiff seeks relief from stay so that it may proceed to foreclose on the three parcels of real estate. From the evidence before the Court no equity exists in the property for the benefit of the Defendant.

Under § 362(d)(2) the Court, on request of a party in interest, shall grant relief from the automatic stay if with respect to a stay of an act against property, it is shown that the debtor does not have equity in the property and the property is not necessary to an effective reorganization. As to the first aspect, the Plaintiff has met its burden of showing no equity in the property. There has been no showing that the property is necessary to an effective reorganization, which burden is upon the Defendant pursuant to 11 U.S.C. § 362(g)(2). It might be added that the case is filed under chapter 7 of 11 U.S.C. This Court, therefore, grants the relief from stay as requested by the Plaintiff to allow it to proceed to foreclosure insofar as the Defendant's interest in said real estate is concerned.[2]

### COUNT III

Plaintiff requests that this Court grant relief from the automatic stay of 11 U.S.C. § 362 to obtain an accounting from the Defendant as a fiduciary of Commonwealth Pension. The evidence established that the Defendant and his wife obtained a loan from the Plaintiff in 1976 in the principal amount of $20,000. The loan is represented by a promissory note in the amount

---

1. This counterclaim, unless otherwise exempt, is an asset of the estate, and the Trustee is the party privileged to prosecute the counterclaim, unless and until it is abandoned from the Debtor's estate. In liquidation of the assets of the estate, this Court would be obliged to allow the Trustee to examine or depose the Defendant as to the facts and merits of the counterclaim.

2. There has been no abandonment of the property by the Trustee, nor has the Trustee been made a party to this proceeding. This Court makes no determination as to the Trustee's interest in the property and limits its relief to the interest the Defendant has in the subject property.

of $20,000 payable to the Plaintiff on demand and is secured by a pledge of 15 shares of stock of Commonwealth Pension. It was the testimony of the Defendant that the stock which secures the personal obligation of the Defendant and his wife is of no value. The note is currently in default. The Defendant was a director and officer of Commonwealth Pension.

The Plaintiff seeks relief from stay under 11 U.S.C. § 362(d)(1). As noted above, a proceeding in which the debtor is a fiduciary generally need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditor. H.R.Rep.No.595, 95th Cong., 1st Session 343–4 (1977). The evidence established that the Defendant was a director and officer of the corporation and that the corporation was dissolved by operation of law in 1980. It is, therefore, appropriate that this Court grant relief from stay to allow the Plaintiff to proceed in the appropriate forum to obtain an accounting from the Defendant as a fiduciary of Commonwealth Pension. In the alternative, the Plaintiff is privileged under the Federal Rules of Bankruptcy Procedure 205(a) to make application to this Court for the examination of the Defendant which relates to his acts, conduct or property.