In re Norma FOSTER, Norma Foster, Trustee, Debtor.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Norma FOSTER, individually and as Trustee for Gary Best Bey and James J. O'Connell, Esq., Standing Trustee, Defendants.

Bankruptcy No. 81–04714K.
Adv. No. 81–1993K.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 6, 1982.

David Paul Daniels, Camden, N. J., for plaintiff/debtor.

David B. Comroe, Philadelphia, Pa., for plaintiff.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion to avoid a post-petition transfer filed by counsel for a secured creditor. Upon consideration of the record and after hearing held on March 3, 1982, the Court has concluded that the transfer should be avoided and a hearing on the original complaint should be set.[1]

The factual situation of the case is long and complex. On November 16, 1981, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code in order to escape foreclosure on the mortgage held by Federal National Mortgage Association

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(FNMA).[2] The mortgagee subsequently filed a complaint for relief from the automatic stay. A pre-trial conference was held on January 21, 1982. Counsel for the mortgagee filed a motion for judgment on the pleadings on February 3, 1982.

The basis for the motion for judgment on the pleadings was that the debtor was not a proper party to be a debtor under the Bankruptcy Code. The petition was filed in the name of Norma Foster and Norma Foster, Trustee. Title to the property is held in the name of Norma Foster, Trustee for Gary Best Bey. The mortgagee, therefore, moved for judgment in its favor alleging that the debtor, as a fiduciary, was not entitled to Chapter 13 relief and that the automatic stay should be terminated.

A response to this motion was filed by counsel for the debtor. The response averred that the issue had been rendered moot by a recent transfer of title. Counsel for the mortgagee immediately filed a motion to avoid the post-petition transfer and to hold the debtor in contempt. The debtor filed a response denying the allegations. Hearing on the motion was held on March 3, 1982.

■ The Court turns, first, to the motion to avoid the post-petition transfer. In this regard, the Court is both shocked and apalled at the conduct of the debtor and her counsel. The complaint in this case was filed on December 29, 1981. The motion for judgment on the pleadings, which raised the title issue, was filed on February 3, 1982. One week later, on February 10th, the debtor's response was filed. Title to the premises was transferred on February 5, 1982. Counsel for the debtor innocently alleges that, this small procedural knot having been untangled, the case could proceed to a hearing on the major issues raised by the complaint for relief from the stay. Counsel for the debtor would have the Court believe that the issues on the motion for judgment on the pleadings are now moot.

Unfortunately, the solution is not so simple. The transfer of title, after the filing of the petition and only two (2) days after the motion for judgment on the pleadings was filed, was in blatant disregard of the integrity of the Court as well as the constraints mandated by Congress in the Bankruptcy Code. The Court will not assist counsel for the debtor in this attempt at legal chicanery.

Pursuant to § 363(b) of Title 11 of the United States Code, the sale of property of the estate, which would be outside of the ordinary course of business, can only be accomplished after notice and a hearing. This provision is expressly applicable to Chapter 13 cases.[3] There is no question that statutory procedure was not followed in this case. Failure to comply with the procedure mandated by Congress requires this Court to order that the transfer be set aside and that title be revested in the name of Norma Foster, Trustee for Gary Best Bey.

■■ Section 541(a)(1) of the Code provides that all legal and equitable interest of the debtor are property of the estate. In the case *sub judice*, legal and equitable title have been split. The debtor holds legal title as the trustee.[4] The equitable interest is held by the beneficiary of the trust. The legal interest is, therefore, property of the estate. Furthermore, the Bankruptcy Code is clear that all property of the estate is protected by the automatic stay. 11 U.S.C. § 362(a). Having concluded that this property is property of the estate, the Court can only conclude that the constraints on transfer of title also apply. *See* 11 U.S.C. § 363.

The Court next turns to the motion for judgment on the pleadings. The thrust of the motion seems to be that the automatic stay should be terminated because Norma Foster is not entitled to be a debtor under

---

**2.** The mortgage is on the debtor's residence at 8632 Pickering Street, Philadelphia, Pennsylvania.

**3.** 11 U.S.C. § 103(a); § 1303.

**4.** *See, Woxberg v. U. S.*, 329 F.2d 284 (9th Cir. 1964), *cert. denied*, 379 U.S. 823, 85 S.Ct. 45, 13 L.Ed.2d 33; *Security Peoples Trust Co. v. U. S.*, 238 F.Supp. 40 (W.D.Pa.1965).

Chapter 13 of the Code. Unfortunately, counsel is somewhat confused. The proper remedy would be to seek dismissal of the case for failure to meet the requirements of the statute. If the debtor was not entitled to relief, the case would be dismissed. The automatic stay would expire upon dismissal. 11 U.S.C. § 362(c). The creditor would then be free to proceed with appropriate action.

This is not an ideal world, however, and the Court must accept the cases as they are presented. In this case, the allegations in the motion for judgment on the pleadings will be treated as a motion for dismissal of the Chapter 13 case.

The mortgagee alleges that Norma Foster is not eligible for Chapter 13 relief. Section 109(e) establishes a statutory standard of the types of debtors who may obtain relief under the Chapter. The debtor must be an "individual with regular income". 11 U.S.C. §§ 109(e), 101(24). The mortgagee claims that Norma Foster is not an individual; but, rather, is two (2) individuals. One is Norma Foster; the other is Norma Foster, Trustee, who owns the property. This second party, it is alleged, cannot be a debtor under the Code. Only Norma Foster, individually, is eligible for relief. On this basis, the mortgagee would have the Court grant relief from the stay.

The logic of this position escapes the Court. No authority is cited for the enforced schizophrenia of Norma Foster. Nor is there authority for the statement that a trustee cannot seek relief under Title 11. It is true that a trust may not seek relief.[5] There is no limit, however, on the trustee filing as an individual.

A trustee is not a separate person. Instead, a trustee is an individual with fiduciary responsibilities to the beneficiary of the trust.[6] If there is some allegation of defalcation of the trustee while acting in a fiduciary capacity, the issue should be elevated by a proper party in an appropriate fashion.[7]

The debtor in this case, being an individual, and there being no showing of her not having regular income, the Court finds the debtor to be eligible for Chapter 13 relief. The motion for judgment on the pleadings will be denied. The Court will enter an Order directing the setting aside of the post-petition transfer, denying the motion for judgment on the pleadings, and setting a trial date on the issue of relief from the automatic stay. Furthermore, a hearing will be held on the same day to determine whether sanctions for contempt of court should be imposed on the debtor and her counsel.

---

5. *In re Cahill*, 15 B.R. 639 (Bkrtcy.E.D.Pa.1981).

6. *See, Fulton Nat. Bank v. Tate*, 363 F.2d 562 (5th Cir. 1966); *Investors Syndicate of America v. Indian Rocks Beach*, 434 F.2d 871 (5th Cir. 1970); *Rippey v. Denver U. S. Nat. Bank*, 273 F.Supp. 718 (D.Colo.1967).

7. *See, Belcher v. Birmingham Trust Nat. Bank*, 348 F.Supp. 61 (N.D.Ala.1968); *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).