In re Justin COLIN, Debtor.

Justin COLIN, Debtor-in-Possession, Plaintiff,

v.

MANUFACTURERS HANOVER TRUST COMPANY OF NEW YORK, Defendant.

Bankruptcy No. 82 B 11541.
Adv. No. 83–5169–A.

United States Bankruptcy Court,
S.D. New York.

Dec. 19, 1983.

Skadden, Arps, Slate, Meagher & Flom, New York City, for debtor.

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for Manufacturers Hanover Trust Co.

Stroock & Stroock & Lavan, New York City, for the Green Family.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Justin Colin ("Colin"), debtor and debtor-in-possession, seeks a declaration by this Court, pursuant to 28 U.S.C. § 2201, that the automatic stay of 11 U.S.C. § 362(a) prohibits Manufacturers Hanover Trust ("MHT") from continuing its state court action entitled *Manufacturers Hanover Trust Company v. Cynthia Green Colin and Justin S. Colin, only as Trustees for the benefit of issue of Cynthia Green Colin.* MHT opposes Colin, and requests either a declaration that the stay does not apply to its state court action or an order of the Court terminating the stay pursuant to section 362(d). For the reasons discussed below, the Court holds that the automatic stay does apply to MHT's state court action and, however, that sufficient cause exists to entitle MHT to relief from the stay.

*Background*

Colin filed a petition for reorganization relief under chapter 11 of the Bankruptcy Code ("Code") on August 11, 1982. Colins recourse to chapter 11, it appears, was precipitated by the burdens of an amalgam of faltering business ventures, not the least of which involved several now (or near) defunct airline partnerships in which Colin was either a partner, or a guarantor of partnership debt.

MHT is the chairman of the creditor's committee in Colin's chapter 11 proceeding. It has filed an unsecured claim against Colin's estate in excess of 17 million dollars. This proceeding, however, allegedly does not concern MHT's 17 million dollar claim against Colin. Rather, the focus in this proceeding is on a purported 1.3 million dollar guarantee executed by Cynthia Colin and Colin "as Trustees of a trust U/T/I dated 3/13/69 for benefit of the issue of Cynthia Colin" ("Issue Trust" or "Trust"). According to MHT, the guarantee was executed in MHT's favor contemporaneously with 1.3 million dollar loan which was made by MHT to Gem State Associates VIII

("GSA"). GSA is a New York limited partnership of which the Issue Trust is allegedly the sole limited partner. The loan was made to finance the purchase by GSA of an airplane. The Issue Trust, as limited partnership, supposedly executed the guarantee as consideration for the underlying GSA loan.

On August 24, 1982, subsequent to the filing of Colin's chapter 11 petition, MHT commenced the above-styled state court action. GSA had allegedly defaulted under the terms of the loan and MHT, in reply, brought the action to enforce the guarantee. The suit was commenced by motion for summary judgment in lieu of complaint pursuant to New York Civil Practice Law and Rules section 3213. In response, Colin served an affidavit and legal memorandum in opposition to MHT's motion. Colin's submissions in essence denied certain material allegations made by MHT, raised purported issues of fact and alleged that the state court action initiated by MHT was in violation of the automatic stay of section 362. At about the same time, Colin commenced the proceeding now before this Court.

### Positions of the Parties

According to Colin, the state court action is stayed in its entirety because it amounts both to a judicial proceeding against the debtor and an act to obtain possession of property of or from the estate. See 11 U.S.C. § 362(a)(1), (3). In addition, Colin maintains that MHT is not entitled to relief from the stay because it has failed to make any showing of "cause" to justify such relief and because it has also failed to meet its burden of proving Colin's lack of equity in the res of the Issue Trust. See 11 U.S.C. § 362(d), (g).

In connection with these arguments Colin makes much of the fact that the estate is vested with legal title to the Trust, and that the state court action threatens Colin with personal liability. Moreover, Colin urges the continuance of the stay in view of the "complex and interrelated debts" between Colin, the Issue Trust and a securities firm called Colin, Hochstin Co. ("CH"). CH allegedly holds an 8 million dollar debt which is guaranteed by Colin and owed to CH by the Issue Trust. Colin asserts that unless the state court action is stayed, the likelihood of the Issue Trust meeting its obligation to CH would be diminished. The effect of this, according to Colin, would be to grant CH a fixed right to offset against Colin's guarantee part or all of a separate 3.9 million dollar debt that CH owes to Colin. Thus, Colin concludes, the interest his general creditors have in the 3.9 million dollars owed by CH would be jeopardized if MHT's suit were permitted to continue.

MHT, in response, argues that the stay does not apply since its state court action is neither a judicial proceeding against the debtor nor an act to recover property of or from Colin's estate. Instead, MHT contends, the state court action is an action brought against Colin in his capacity as a trustee of the Issue Trust, and not personally as a debtor under the Code. Moreover, MHT maintains, the action is one to recover solely from the assets of the Trust and not from Colin's chapter 11 estate.

In addition, MHT forcefully rejects Colin's view of the financial relationship between Colin, the Issue Trust and CH as justifying a finding that the state court action either comes within the purview of the stay or necessitates a continuation of the stay. Such a finding, MHT insists, "would take the automatic stay far beyond its intended purpose and make it potentially applicable" to almost any proceeding remotely connected to a bankruptcy case. MHT Brief at 24.

In the alternative, MHT contends that Colin's lack of any equitable interest in the Trust res, his failure to establish that the Trust property is essential to an effective reorganization, and the fact that Colin is only a nominal party in the state court action, collectively establish the requisite "cause" for lifting the stay under sections 362(d)(1) and (d)(2).

### Issue

The issue before this Court is whether the stay of section 362 applies to MHT's state court action and, if so, whether relief from

the stay, pursuant to section 362(d), is proper.

*Discussion*

■ In relevant part section 362(a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...

(3) any act to obtain possession of property of the estate of property from the estate....

The design of subsection 362(a)(1) is, in part, to relieve the debtor from the burdens of multi-forum litigation. The goal is to enable the debtor to channel his energy into achieving an orderly liquidation or a successful reorganization of his estate. Clearly, a stay of all judicial proceedings that could have been brought pre-petition against the debtor is one measure by which this might be achieved.

MHT does not take issue with this interpretation of the intent of section 362(a)(1). Nor does MHT dispute that its state court action is both a "judicial proceeding" and a proceeding that could have been commenced prior to Colin's chapter 11 filing. Rather, MHT argues that because its action is brought against Colin only in Colin's capacity as a trustee of the Issue Trust, it is not a proceeding "against the debtor" and therefore not within the contemplated scope of section 362(a)(1). In essence, MHT attempts to cleave a distinction between a proceeding against Colin individually and a proceeding against Colin in his capacity as a trustee of the Issue Trust.

Admittedly, this argument has some appeal. In *In re Kirby*, 9 B.R. 901 (Bkrtcy.E. D.Pa.1981) (Goldhaber, J.) the court was faced with the issue of whether a debtor may file a chapter 13 petition in her fiduciary capacity as a trustee, as well as in her individual capacity. The court's examination focused on whether, as a trustee, the debtor qualified for chapter 13 relief as "an individual with regular income". *Id.* at 902; see 11 U.S.C. § 109(e). Noting an absence of any cases or commentary on point, the court concluded:

While we cannot categorically state that one who acts as a trustee or in any other fiduciary capacity may never file a petition under chapter 13, we conclude that such an individual may not file a petition under chapter 13 unless he has a regular source of income. In the case *sub judice* the debtor has admitted that she has no income in her capacity as trustee. Therefore, we conclude that she is ineligible in her capacity as trustee to file a petition under chapter 13. Accordingly, we will dismiss the chapter 13 case filed by the debtor in her capacity as trustee.

*Kirby* at 903.

The court, however, went on to hold that lacking any evidence as to the individual debtor's equity in the trust *res,* it could not determine whether the stay applied to a mortgagee's efforts to foreclose against the *res. Id.*

The *Kirby* decision clearly suggests a legal distinction between an individual debtor on the one hand and a debtor in a fiduciary capacity as a trustee on the other. *See also, In re Federal Home Loan Mortgage Corp.,* 29 B.R. 679, 10 Bankr.Ct.Dec. 732 (Bkrtcy. D.N.J.1983) (allowing a separate chapter 13 petition to be filed by a debtor in her capacity as a trustee of a trust). Although not relying directly on the *Kirby* decision, MHT apparently seeks to impose this distinction on an analysis of whether a judicial proceeding against Colin as a trustee of the Issue Trust is the same, for purposes of the automatic stay, as a proceeding against Colin individually.

While it is true that the bankruptcy court will respect "the technical, legal distinctions between individuals, partnerships and corporations" with regard to the automatic stay of section 362, *In re Loughnane*, 28 B.R. 940. (Bkrtcy.D.Colo.1983), the Court in this instance must reject MHT's suggested approach. In *In re Foster*, 19 B.R. 28 (Bkrtcy.E.D.Pa.1982) (King, J.), a debtor, like the debtor in *Kirby*, filed her petition both in her individual capacity and in her capacity as a trustee of a trust. The mortgagee in that case sought to foreclose against property which was held in trust for the benefit of a non-debtor party. The mortgagee argued that the debtor, in her fiduciary capacity as a trustee, was ineligible for relief under the Code. The court distilled the essence of the mortgagee's argument, concluding that:

> [t]he mortgagee claims that Norma Foster is not an individual; but, rather, is two (2) individuals. One is Norma Foster; the other is Norma Foster, Trustee, who owns the property ... The logic of this position escapes the Court. No authority is cited for the enforced schizophrenia of Norma Foster ... A trustee is not a separate person, instead a trustee is an individual with fiduciary responsibilities to the beneficiaries of the trust. (citations omitted).

*Foster at 30.*

In denying the mortgagee's motion to dismiss, the *Foster* court rejected the proposition that the debtor in her capacity as a trustee existed somehow as a separate juridical entity under the Code from the debtor in her individual capacity. In the case at bar, MHT seeks to advance the same proposition. However, like the mortgagee in *Foster*, MHT adopts a position that runs counter to the weight of the law. There is little support for MHT's contention that its state court action against Colin, the trustee, is not tantamount to a proceeding against Colin, the debtor. Indeed, in this regard the Court notes the views of one commentator that an action against a trustee in his representative capacity

> [d]oes not necessarily involve the proposition that the trustee as trustee is a differ-

ent person from the trustee as an individual. The trustee may hold title to some property for his own benefit and to other property as trustee ... A decree against the trustee in his representative capacity is merely a decree that the trustee apply the trust property to the payment of the the plaintiff's claim.

III *Scott on Trusts* §§ 267, 271A (3d ed. 1967); *see also Whiting v. Hudson Trust Company*, 234 N.Y. 394, 407, 408, 138 N.E. 33, 25 A.L.R. 1470 (1923) (Cordozo, J.) ("It is only a form of words when we speak of [the trustee] as the representative of an 'estate'. The 'estate' had no separate existence. It was not a legal person. The only person was the trustee."); *Vass v. Conron Bros. Co.*, 59 F.2d 969, 970 (2d Cir.1932) ("Under the law of New York no action may be maintained against a trustee as such, any more than against a director, a freight agent, a lawyer, or a jockey, as such; the law of that state does not apparently recognize multiple personalties.") (L. Hand, J.).

Moreover, the Code's definition of a "debtor" as a "person ... concerning which a case under this title has been commenced" embraces the concept of a person who among other things, functions in the capacity as a non-bankruptcy trustee. The express language of the Code, as well as the relevant legislative history bear this out. *See* 11 U.S.C. §§ 101(12), 541(a), (d); 124 Cong.Rec. H11,114 (Sept. 28, 1978); S17 430 (Oct. 6, 1978) (property of the estate includes legal title to trust property held, pre-petition, by the debtor as a trustee); H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 367 (1977) ("House Report"); S.Rep. No. 95–989, 95th Cong.2d Sess. 82 (1978) ("Senate Report") U.S.Code Cong. & Admin. News 1978, p. 5787 (debtor's interest in property also includes "title" to property); *See also In re Columbia Pacific Mortgage, Inc.*, 20 B.R. 259, 262 (Bkrtcy.W.D.Wash. 1981); *Foster* at 29. As the *Foster* court correctly noted, there is no basis for the "enforced schizoprenia" of the debtor into fragmented personalities. Therefore, there is no basis for concluding that a "proceeding against the debtor" does not include, in its broad sweep, proceedings brought

against the debtor in his representative capacity as a non-bankruptcy trustee.[1] While it may be true that a "probate proceeding in which the debtor is the executor or administrator of another's estate ... [or] proceedings in which the debtor is a fiduciary" generally would not justify the continued application of the stay, *House Report* at 343–44, it is equally true that to such proceedings the stay, in the first instance, applies.[2]

*Relief from the Stay*

A proper request for relief from the stay may be based, in part, on the language of section 362(d)(1) which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, or modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest ...

Section 362(g) allocates the burden of proof on those issues raised by a request for relief under section 362(d):

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

■ According to the above statutory scheme, in proceedings under 362(d)(1), the party seeking relief must move for relief, while the opposing party, usually the debtor, bears the burden of proof. 11 U.S.C. § 362(d)(1), (g); House Report at 544. In this proceeding, MHT moves for relief, alleging the existence of sufficient "cause" to grant its request. MHT argues that cause exists based on the fact that the state court action is brought against Colin only in Colin's fiduciary capacity as a trustee and not to recover a claim against Colin. Moreover, MHT contends that since that action only seeks a recovery from the Trust *res* and since it has not timely filed a proof of claim against Colin's estate which seeks a recovery based on the GSA guarantee executed by Colin as trustee, Colin's general creditors would not be prejudiced by a continuation of the state court action.

As indicated above, the legislative history supports the view that as a general rule proceedings against a debtor in his fiduciary capacity should be relieved from the continued application of the stay. House Report at 343–44; *In re Bailey,* 11 B.R. 199, 202 (Bkrtcy.E.D.Va.1981) (stay lifted to permit the continuation of a proceeding brought against the debtor in the debtor's capacity as a fiduciary). Underlying that rule is the premise that such proceedings are only remotely connected with the bankruptcy case and therefore "bear no relationship to the purpose of the automatic stay which is debtor protection from his creditors". *Id.* MHT maintains that its state court action does not impact on any material estate interests and therefore falls within this general rule.

Colin does not dispute MHT's assertion that the state court action is brought against him only in his fiduciary capacity, and that at the time of filing he possessed

---

1. The Court recognizes that Colin's title to the *res* of the Issue Trust passed to the estate on the day he filed his petition. See 11 U.S.C. § 541(a), (d). Although the argument has not been raised, the Court also acknowledges that the state court action therefore may not be against the debtor, but against the debtor-in-possession, as the representative of the estate. See 11 U.S.C. §§ 323, 1107. As such it would appear that the liberal provisions of 28 U.S.C. § 959 would apply in this instance to permit MHT to continue its proceeding without leave of the Court.

However, the pre-petition nature of MHT's cause of action, in this Court's opinion, places MHT's state court action outside the scope of 28 U.S.C. § 959 and squarely within the stay of section 362(a)(1). *See In re Revere Copper and Brass, Inc.,* 29 B.R. 584 (Bkrtcy.S.D.N.Y.1983), (Abram, J.) *aff'd* 32 B.R. 725 (D.C.N.Y.1983).

2. Having determined that section 362(a)(1) of the stay applies to MHT's state court action, the court need not pass on the applicability of section 362(a)(3) to that action.

only a bare legal interest in the Trust *res.* Colin nevertheless insists that cause to lift the stay does not exist for two reasons. First, although sued in his fiduciary capacity, Colin maintains that as a trustee of the Issue Trust he is nevertheless, under applicable state law, personally liable to MHT on the GSA guarantee. In essence, Colin argues that while suits against a debtor in his fiduciary capacity need not be stayed because they do not expose the debtor personally to the claims of creditors, MHT's action does in fact threaten Colin with personal liability as well as impose upon him the costly burden of litigating outside the bankruptcy forum.

Second, Colin maintains that MHT's suit should be stayed so as to keep available any assets of the Issue Trust that might go toward discharging the Issue Trust's 8 million dollar debt to CH which is presently secured by all or part of 3.9 million dollars worth of assets belonging to Colin's estate. Therefore, Colin concludes, the policies underlying the stay would be undermined if MHT were granted relief.

■ The Court, however, rejects Colin's arguments. The state court action has been brought by MHT to recover a claim, based on the execution of the GSA guarantee, out of the *res* of the Issue Trust. Admittedly that action however styled might also serve to impose personal liability, on the trustees of the Trust who, acting in their fiduciary capacities, executed the guarantee. *See, e.g., Lazenby v. Codman,* 28 F.Supp. 949 (S.D.N.Y.1939). Nevertheless, the Court agrees with MHT that whatever claim MHT may have against Colin's estate based on the GSA guarantee cannot now be asserted against the estate. The action against Colin as trustee was commenced months before the bar date that was set for filing proofs of claim in Colin's chapter 11 case had passed. While MHT has timely filed a proof of claim, it has not filed for any amount which reflects any contingent or disputed debt owed by Colin which is based on the GSA guarantee, and is now time barred from doing so. Therefore, regardless of whether the state court

action is indeed an action which threatens Colin with personal liability, the cost of such liability, if liability is found, will not be borne by Colin's bankruptcy estate. *See In re Hatchett,* 31 B.R. 833 (Bkrtcy.E.D.Va. 1983) (debtor barred from filing after the bar date an IRS claim that was ascertainable as a contingent debt prior to the bar date). In view of this, the proceeding commenced by MHT against Colin in his fiduciary capacity does appear to fall within the general rule which exempts such suits from the continued application of the stay.

■ Moreover, even if this were not so, continuing to stay MHT's action would run counter to the spirit of judicial economy. Apart from the impact on Colin's estate of any actual recovery for MHT out of the Trust *res,* the state court action at this point threatens to do no more than to liquidate whatever claim MHT might have against the estate. The action therefore offers to serve the useful function of assisting this Court in estimating or determining the allowability of MHT's claim. See 11 U.S.C. § 502(a)–(c). Admittedly this standing alone is no real justification for lifting the stay and allowing a proceeding against a debtor to continue outside the bankruptcy forum. Indeed, it even seems to cut against the primary purpose of the automatic stay. However, the Court notes that the action commenced by MHT was commenced pursuant to section 3213 of New York's Civil Practice Law and Rules. As such, it is a proceeding geared not toward burdensome, complex litigation, but one designed to provide a "speedy and effective means of securing a judgment on claims presumptively meritorious". *Interman Industrial Products, Ltd. v. R.S.M. Electron Power, Inc.,* 37 N.Y.2d 151, 371 N.Y.S.2d 675, 332 N.E.2d 859 (1975). Moreover, it appears that most, if not all of the issues that arose in the course of that proceeding already have been fully briefed in state court by all parties and are ripe for determination. Therefore, to the extent the streamlined procedures inherent in MHT's action presently offer a speedy mechanism by which to fix a value on whatever claim MHT might have against Colin's estate, it would be foolish to continue to stay the

action only to have the merits of that claim relitigated in this Court. *See In re Harris* 7 B.R. 284 (D.C.S.D.Fla.1980).[3,4]

■ Lastly, the Court rejects Colin's final argument that the stay be continued pending a resolution of the "complex and interrelated debts" between Colin, CH and the Issue Trust. As indicated, MHT seeks relief from the stay solely to recover from the corpus of the Trust. Colin does not claim any beneficial interest in the Trust *res,* nor does he suggest that his bare legal interest in the *res* is of any value to his estate. Nevertheless, Colin requests that the Court continue to stay the state court action in order to preclude any recovery by MHT out of the Trust *res.* To allow recovery, he argues, would diminish the possibility that the Issue Trust would repay its 8 million debt to CH, a debt secured by as much as 3.9 million dollars worth of Colin's prepetition assets. Colin reasons that to the extent MHT is permitted to recover from the Trust res any part of its 1.3 million dollar claim, the interests of Colin's general creditors in the 3.9 million dollar asset would be prejudiced. He therefore concludes that his estate has a protectible, almost "equitable" interest in the Trust *res.*

Colin, however, offers no legal theory which suggests that the automatic stay is designed to ensure that valuable property interests which are unrelated to and which lie outside the bankruptcy estate are employed for the benefit of the estate.[5] The stay is a protective device. It does not automatically vault the estate's interests above those of third parties who merely seek a recovery out of non-estate property.

This is so despite the possibility that the estate might suffer adversely if such a recovery is allowed. *Cf. Westinghouse Credit Corp. v. Page,* 18 B.R. 713 (D.C.D.C.1982) (creditor not stayed from drawing on a letter of credit even though issuing bank's right of reimbursement was secured by estate property).

Moreover, even if this Court were inclined to continue the stay in order to preserve whatever value the Trust *res,* if left intact, might indirectly yield to the estate, the burden is on Colin to prove that such a course would yield a quantum of benefit sufficient to justify a continuation of the stay. 11 U.S.C. § 362(g). Yet Colin, although a trustee of the Issue Trust, offers no evidence that the Trust *res* is of sufficient value to extinguish the 8 million dollar CH debt. Colin also offers no evidence that a 1.3 million dollar MHT recovery out of the *res* would materially impact on the likelihood that the CH debt would be discharged. Instead, Colin proposes to rebut a proper showing of cause for relief from the stay by simply offering the rather remote hope of some unspecified benefit that might flow to the estate if the stay were continued. In the Court's opinion, his position can not support the evidentiary burden it is required to carry. Relief from the stay is therefore in order. The stay against MHT's state court action is hereby vacated.[6]

It is so ordered.

---

**3.** In the event that litigating MHT's action in state court proves too burdensome for Colin, and, if appropriate, the stay could always be reimposed. *See, In re Prime, Inc.,* 26 B.R. 556, 559 (Bkrtcy.W.D.Mo.1983).

**4.** Admittedly a judgment in MHT's favor allowing it to recover from the Trust *res* might give rise to the assertion of claims by the Trust beneficiaries against Colin's estate. However, like any claim MHT might have against Colin, the claims of the beneficiaries were ascertainable as contingent claims against Colin's estate months before the bar date had passed. Therefore such claims are probably now time barred.

Similarly, to the extent such claims can be asserted against the estate, the effect of MHT's action would merely be to aid the Court in valuating those claims.

**5.** The cases cited by Colin in support of this theory are completely inapposite to the facts of this case. *See, e.g., In re Elemar Associates,* 3 Bankr.Ct.Dec. 958 (Bankr.S.D.N.Y.1977); *In re Helmwood Apartments,* 2 Bankr.Ct.Dec. 1151 (Bankr.N.D.Ga.1976).

**6.** The Court does not pass on whether the operation of section 362(d)(2) would require the same result.