**In the Matter of SEASPIRE, INC. Debtor(s).**

**Bankruptcy No. 85–3120.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 27, 1985.

Malka Isaak, Tampa, Fla., for debtor.

Joseph Cabella, Raymond C. Farfante, Jr., Tampa, Fla., for movant.

## ORDER ON MOTION TO LIFT STAY AND MOTION TO IMPOSE SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL AND MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration at a duly noticed hearing upon the Motion to Lift Stay and Motion to Impose Sanctions Against Debtor and Debtor's Counsel and Motion to Dismiss, filed by Joseph L. Cabella (Cabella), a creditor in the above-captioned case.

The Motion to Lift Stay seeks relief pursuant to § 362(d)(1) of the Bankruptcy Code, i.e. for cause on two grounds. First, the movant claims that it lacks adequate protection for its interest in the property, that payments are not being made to the movant, that the property is not appreciating, and that the interest on the debt owing to movant is continuing to accrue. As a second ground, the movant contends that the above-captioned Chapter 11 case was filed in bad faith and, for that reason, the stay should be lifted as to Cabella.

The Court heard argument of counsel, considered the record, and finds as follows:

On April 29, 1985 the Debtor filed its first Chapter 11, Case No. 85–1047, and the Creditor's Meeting was set for June 10, 1985. Although the Debtor's counsel appeared, no responsible officer on behalf of the Debtor appeared. The Creditor's Meeting was rescheduled for July 8, 1985. Once again, neither an officer of the Debtor nor its counsel appeared at that meeting. On June 12, 1985 this Court ordered the Debtor to file Schedules and Statement of Affairs within five days, neither of which were filed with the petition or within the fifteen days permitted by Bankruptcy Rule 1007. The Debtor failed to comply with that order and filed its Schedules some eighteen days later.

Based on the foregoing, on July 15, 1985 Cabella moved to dismiss the case. The Motion to Dismiss by Cabella and a second Motion to Dismiss filed by an additional creditor were set for hearing on August 15, 1985. The hearing was continued at the request of Debtor's counsel and reset for September 10, 1985. Upon Motion for Rehearing of the order continuing the hearing, the Court vacated the order of continuance and rescheduled both Motions to Dismiss for September 15. Subsequent to that hearing, Case No. 85–1047 was dismissed pursuant to § 1112(b) of the Bankruptcy Code.

Cabella rescheduled his foreclosure sale, with all its attendant time delay and expense of advertising. On October 30, 1985, two hours before the foreclosure sale was scheduled to take place, the Debtor filed its second Chapter 11, Case No. 85–3120. Again, there were no Schedules and Statement of Affairs filed. The petition is unique in that not only is it unverified, it is not even signed by an officer of the Debtor but signed by counsel for the Debtor, Malka Isaak. Just as before, the Debtor did not file the Schedules and Statement of

Affairs within the fifteen days required by Bankruptcy Rule 1007.

On November 5, 1985 the Court issued an Order to Show Cause, directing the Debtor to file its Schedules and Statement of Affairs or appear to show cause why the petition should not be dismissed for lack of prosecution. A second copy of the petition together with a declaration purporting to verify the petition was filed on November 15, 1985. On November 15, 1985 Schedules were filed on behalf of Seaspire but were unexecuted either by an officer of the Debtor or by its attorney. On December 5, four days before the hearing on the Order to Show Cause and thirty-six days after it was ordered to do so, the Debtor finally filed properly executed Schedules and Statement of Affairs. Based on the foregoing, Cabella filed a Motion to Dismiss but later withdrew the Motion to Dismiss, urging the Court to grant his Motion for Relief From Stay and also urging the Court to impose sanctions on the Debtor and on counsel for the Debtor, Ms. Isaak.

■ This Court finds the above-captioned case to have been filed in bad faith, therefore, there is "cause" for lifting the automatic stay. See *In re Albany Partner,* 749 F.2d 670 (11th Cir.1984); *In re Yukon Enterprises,* 39 B.R. 919 (Bankr.C. D.Cal.1984); *In re Victory Construction Company,* 9 B.R. 549 (Bankr.C.D.Cal. 1981).

This leaves for consideration the Motion to Impose Sanctions Against the Debtor and Debtor's Counsel pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9011.

■ Having considered the entire record in both cases, this Court is satisfied that there can be no reasonable question that this case was filed for the purpose of delaying the creditor's foreclosure action and that this second case, just as the earlier Chapter 11 case, was filed in bad faith. It is the contention of Ms. Isaak that she now has a contract to sell the single asset of this Debtor which would produce sufficient funds to fund the reorganization of this Debtor. That is not a legally sufficient excuse for the repeated disregard by this Debtor and Ms. Isaak not only of specific orders of this Court but of the most basic procedural requirements of the Bankruptcy Code and of the Bankruptcy Rules. For this reason, this Court is satisfied that it is appropriate pursuant to Bankruptcy Rule 9011 to impose sanctions on counsel of record for this Debtor, Ms. Malka Isaak.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss filed by Joseph L. Cabella be, and the same is hereby, denied as moot. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Lift Stay filed by Joseph L. Cabella be, and the same is hereby, granted and the creditor may proceed to reschedule and complete its foreclosure sale. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Impose Sanctions Against Debtor and Debtor's Counsel be, and the same is hereby, granted in part and denied in part and Debtor's counsel, Malka Isaak, is directed to pay to Joseph L. Cabella the sum of $500.00 within five days of the date of this order.