**In the Matter of SEASPIRE, INC., Debtor.**

**Bankruptcy No. 85–3120.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 21, 1986.

Malka Isaak, Tampa, Fla., John Yanchunis, St. Petersburg, Fla., for debtor.

Raymond C. Farfante, Jr., Tampa, Fla., for movant.

## ORDER ON MOTION FOR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Rehearing. The Motion was filed by Malka Isaak, attorney for the Debtor, and was directed to the order heretofore entered by this Court on December 27, 1985, 56 B.R. 159. That order was in response to three motions filed by Joseph L. Cabella, a creditor. The first motion sought to lift the stay pursuant to § 362(d)(1), asserting a bad faith filing as cause; the second motion sought to impose sanctions upon the

Debtor and its attorney, Malka Isaak, pursuant to § 105 and Rule 9011; and the third motion sought a dismissal of the entire case on the ground that it was filed in bad faith.

The order, after having made findings based on the record and taking judicial notice of the previous case filed by this Debtor, granted Cabella's Motion to Lift the Stay and the Motion to Impose Sanctions was also granted and imposed a fine of $500.00 on Ms. Isaak, counsel of record for the Debtor. However, the Motion to Dismiss by Cabella was denied as moot inasmuch as it was withdrawn.

While the Motion for Rehearing filed by Ms. Isaak was pending, the Debtor dismissed Ms. Isaak and applied for authority to engage Mr. Yanchunis as its attorney. While no formal order was entered on the application and Ms. Isaak is still counsel of record, Mr. Yanchunis was authorized to argue that part of the Motion for Rehearing concerning the lifting of the stay.

■ The Court, having heard argument of counsel and having reconsidered the record, is satisfied that the Motion, as it relates to the order lifting the stay, is well taken and the order should be vacated and the stay should be reinstated.

■ This leaves for consideration the second part of the Motion, which is addressed to the imposition of sanctions on Ms. Isaak. It is the contention of Ms. Isaak that the second filing for relief was a well-intentioned filing because the Debtor did procure a contract for the sale of its sole assets and the second Petition was filed to give the Debtor an opportunity to sell the subject property and salvage its large equity in the property for the benefit of the estate and, of course, for the Debtor. The argument of Ms. Isaak misses the mark completely. The sanctions were imposed on her, not because of the bad faith in filing the second Petition, but because of the repeated disregard of specific orders and of the most basic procedural requirements of the Bankruptcy Code by her dur-

ing the first and also during the second Chapter 11 case. For instance:

The first Voluntary Petition filed in this case was signed by Ms. Isaak and was not verified by a responsible officer of the Debtor corporation. On October 31, 1985, Cabella filed his Motion to Impose Sanctions. On November 15, 1985 Ms. Isaak filed a second Voluntary Petition in this case, again signed by Ms. Isaak but this time the Petition was accompanied by a Verification signed, albeit illegibly, on behalf of the Debtor by someone. The Verification was undated. On November 5, 1985 this Court entered an order directing the Debtor to file the required Schedule of Assets and Liabilities and Statement of Financial Affairs within 15 days of the date of the Petition. The order further provided that in the event the Debtor failed to file these Schedules and Statement, the Debtor was to appear and show cause on November 18, 1985 why it had not done so.

Ms. Isaak did not seek an extension of time. She did file a Schedule of Assets and Liabilities and a Statement of Affairs on November 15, 1985, neither of which were signed by the Debtor. It was not until December 3, 1985 that a Statement of Financial Affairs and the required Schedules, executed by Howard Nemovitz, who appears to be at this time the properly authorized person to speak on behalf of this Debtor, were filed.

Ms. Isaak sought to excuse her actions in filing unsigned documents on the ground that her client, who was the president of the Debtor, was in Europe and could not be reached. Such is not an acceptable excuse because she could have filed for an extension of time. Ms. Isaak's conduct is further aggravated by her conduct in the previous case filed by this Debtor which also showed consistent disregard of Bankruptcy Rule 1007. In addition, the Creditors Meeting scheduled in the first case could not be held because although Ms. Isaak appeared, no responsible officer appeared who could be examined by creditors. At the rescheduled Creditors Meeting neither Ms. Isaak nor anyone on behalf of the Debtor ap-

peared. Ms. Isaak did not seek a continuance of either the first or second Meeting of Creditors.

Based on the foregoing, this Court is satisfied that the December 27, 1985 order, as it related to the imposition of sanctions, was proper and should be reaffirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the automatic stay be, and the same is hereby, reinstated as to Joseph L. Cabella. It is further

ORDERED, ADJUDGED AND DECREED that the order of December 27, 1985, as it relates to the imposition of sanctions against the Debtor's counsel is reaffirmed and Malka Isaak is directed to pay the $500 to Joseph L. Cabella within 10 days of the date of this order.