In re YUKON ENTERPRISES,
INC., Debtor.

CALIFORNIA MORTGAGE
SERVICE, Plaintiff,

v.

YUKON ENTERPRISES, INC.,
Defendant.

Bankruptcy No. LA83–16175 BR.
Ref. No. M4–04617 BR.

United States Bankruptcy Court,
C.D. California.

June 7, 1984.

Laura Hinrichs, Pothier, Moore & Hinrichs, Santa Ana, Cal., for plaintiff.

Keith H. Gill, Rodi, Pollock, Pettker, Galbraith & Phillips, Los Angeles, Cal., for defendant/debtor.

## MEMORANDUM OF OPINION LIFTING THE AUTOMATIC STAY

BARRY RUSSELL, Bankruptcy Judge.

This matter is before the Court upon the plaintiff's request for relief from the automatic stay on the ground, inter alia, that the Chapter 11 case was filed in bad faith.

The facts of this case present the classic circumstances constituting a bad faith filing.

### FACTS

The property in question consists of three units of a nine unit condominium project located at 14120 Yukon Avenue, Hawthorne, California.

In November, 1979, a limited partnership was formed to build the condominium project to be known as the Yukon Townhouses. The general partner was the builder George Blair and the limited partner was a general partnership whose partners were Alvin M. Jacobson, Durand Djivre and Arthur Paddock.

Upon completion of the project, the units in question 5, 7 and 8 were sold in September, 1982, and financed through the plaintiff, with the plaintiff taking a first deed of trust on the units.

No payments have been made on the notes secured by the deeds of trust since December, 1982.

In July, 1983, Alvin M. Jacobson, the president of the debtor and one of the original builders of the project, was given quitclaim deeds by the buyers of units 5, 7 and 8.

Although Jacobson testified that he took title in the property in the name of the partnership, the records indicate that title was taken in the name of "Alvin Jacobson, aka Alvin M. Jacobson, a married man."

On August 4, 1983, the debtor, YUKON ENTERPRISES, INC., was incorporated with Alvin M. Jacobson, Durand Djivre and Arthur Paddock as its sole directors, officers and shareholders. Debtor's bankruptcy counsel also acted as corporate counsel.

On August 16, 1983, a grant deed was recorded transferring title to units 5, 7 and 8 from Jacobson to the debtor. The only consideration given for the units was the debtor's stock, of which Jacobson got 74% Djivre and Paddock the remainder.

On August 18, 1983, the debtor filed the present Chapter 11 case. Its address was listed as 14120 Yukon Avenue, #8 where Jacobson has been residing since July 18, 1983.

The debtor's schedules reflect that its only assets are the three units in question and its only unsecured debt is attorney fees to its bankruptcy counsel.

Jacobson testified that he transferred the units to the debtor because they were in serious default and that the transfer would somehow protect the equity in the property.

### DISCUSSION

The issue of what is a "bad faith filing" usually arises in the context of a motion to dismiss the petition, a request to lift the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)[1] or a combination of the two.

In the present case the creditor has requested that the stay be lifted in order to be allowed to foreclose on its trust deeds on the three condominium units. In view of the possibility, after dismissal of a case, of the transfer of the property to another "new debtor" and the filing of an additional bankruptcy petition[2], the lifting of the

---

**1.** 11 U.S.C. § 362(d)(1) provides:

"On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
    (1) for cause ..."

**2.** Multiple filings of bankruptcy petitions and multiple transfers of distressed property among

stay is often a more prudent course for creditors rather than seeking a dismissal of the case.

What then is a "bad faith" filing?

■ Although the following is not exhaustive, this Court has observed numerous badges of bad faith to be present in cases involved in the "new debtor syndrome". They include the following:

(1) The transfer of distressed real property into a newly created or dormant entity, usually a partnership or corporation;

(2) The transfer occuring within close proximity to the filing of the bankruptcy case;

(3) No consideration being paid for the transferred property other than stock in the debtor;

(4) The debtor having no assets other than the recently transferred, distressed property;

(5) The debtor having no or minimal unsecured debts;

(6) The debtor having no employees and no ongoing business; and

(7) The debtor having no means, other than the transferred property, to service the debt on the property.

Courts in struggling with this problem have formulated a number of tests for determining what is a bad faith filing.

Some Courts have found the test for bad faith to be "whether any of the substantive or procedural rights of any of the creditors to assets, available prior to the transfer of the property, have been altered or eroded by the transfer and subsequent filing." *In re Northwest Recreational Activities, Inc.*, 4 B.R. 36, 44 (Bkrtcy.N.D.Ga.1980); *Duggan v. Highland-First Ave. Corp.*, 25 B.R. 955, 961 (Bkrtcy.C.D.Cal.1982).

Several Courts have adopted the following reasoning of the Seventh Circuit regarding the good-faith requirement for a petition filed under § 77B of the former Bankruptcy Act as the appropriate guide to determine whether the debtor has filed the case in good faith.

debtors has become a serious problem in this

"Whether it [good faith] exists in any case depends upon the facts and circumstances presented. No one evidentiary fact can be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, upon a feasible basis ... good faith cannot be denied." *In re Loeb Apartments, Inc.*, 89 F.2d 461, 463 (7th Cir.1937); *In re Levinsky*, 23 B.R. 210, 218 (Bkrtcy.E.D.N.Y.1982); *In re Thirtieth Place, Inc.*, 30 B.R. 503 (Bkrtcy.App.Ariz. 9th Cir.1983).

Although the above-referenced cases are very helpful in resolving this thorny question, this Court believes that a slightly different and more definite standard of bad faith is warranted.

## ESTABLISHING BAD FAITH

■ This Court holds that once the creditor establishes that the transfer of the distressed property to the debtor was in close proximity to the filing of the case, a prima facie showing of bad faith has been shown, thus creating a rebuttable presumption of bad faith. The burden, thereafter, is on the debtor to establish good and sufficient reasons why the relief should not be granted.

Although close proximity is not an exact term, it is clearly present in this case and this Court is confident most people will know it when they see it.

■ If, in addition to the prima facie showing of bad faith, the creditor proves that its substantive or procedural rights have been adversely affected by the transfer and filing, "cause" is established pursu-

district.

ant to 11 U.S.C. § 362(d)(1) and the Court must lift the stay.

 However, proof by the debtor that the creditor's rights have not been adversely affected will not be sufficient to overcome the presumption of bad faith.

The detriment to the secured creditor is not the only harm resulting from a bad faith filing.

A bad faith filing is an abuse of the bankruptcy process and is offensive to the integrity of the bankruptcy system.

In order to overcome the presumption of bad faith the debtor in a Chapter 11 must establish that a reorganization is more likely than would have been the case prior to the transfer to the debtor.

In this case and in most instances, all of the assets of the transferor were not transferred to the debtor. Since these additional assets are not within the jurisdiction of the Court for possible use in curing the defaults on the debtor's property, rather than being more likely, reorganization is less likely because of the bad faith filing.

### CONCLUSION

The debtor in this case has failed to overcome the presumption of bad faith.

Therefore, the creditor has established "cause", pursuant to 11 U.S.C. § 362(d)(1), requiring the lifting of the automatic stay.

IT IS SO ORDERED.