**In re Terri Angela HUNT, Individually and as Trustee of the Gwendolyn E. Hunt 1988 Trust, Debtors.**

**Terri Angela HUNT; The Gwendolyn E. Hunt 1988 Trust, Appellants,**

v.

**TRC PROPERTIES, INC., Appellee.**

**BAP No. CC–93–1046–RoPMe.**

**Bankruptcy No. ND 92–71119–RR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 21, 1993.

Decided Nov. 8, 1993.

Robert F. Peterson, Jr., Oxnard, CA, for appellants.

Greg W. Jones, Ventura, CA, for appellee.

Before ROSSMEISSL,[1] PERRIS and MEYERS, Bankruptcy Judges.

### AMENDED OPINION [2]

ROSSMEISSL, Bankruptcy Judge:

Appellants appeal from the bankruptcy court's dismissal of a Chapter 11 case to the extent that it was filed on behalf of a non-business trust and Hunt as a trustee. Appellant Terri Angela Hunt had filed for bankruptcy protection individually and on behalf of a non-business trust. We affirm.

### FACTS

The Gwendolyn E. Hunt Trust (the "Trust") was created inter vivos by Terri Angela Hunt's mother. Hunt became the trustee after her mother's death. The Trust's res includes three parcels of real property. Hunt is also one the beneficiaries of the Trust. At the time of the Trust's

creation, one of the properties (the "Oxnard Property") was subject to a deed of trust in favor of Wells Fargo Mortgage Company in the amount of approximately $25,000.

The Trust fell into default on the Oxnard Property, a non-judicial deed of trust foreclosure proceeding was initiated, and on August 25, 1992 TRC Properties ("TRC") purchased the Oxnard Property at a trustee's sale for $22,083.02 in cash.[3] The trustee's Deed Upon Sale (the "Deed") conveying the Oxnard Property to TRC was then recorded on August 27, 1992.

Hunt filed a Chapter 11 petition on August 26, 1992. A copy of the bankruptcy petition was also recorded with the Ventura County Recorder on August 26, 1992. The petition indicates that Hunt filed both as an individual and on behalf of the Trust. The petition does not indicate that Hunt and the Trust filed as joint debtors.

TRC filed a motion to dismiss the bankruptcy on the grounds: 1) that neither the Trust nor Hunt in her capacity as trustee were a "person" eligible to be a debtor under the Bankruptcy Code; 2) that the petition was filed in bad faith for an improper purpose, and; 3) that as of the commencement of the case Hunt had no legal or equitable interest in the Oxnard Property since it had been sold through the foreclosure sale and any beneficial interest Hunt possessed would not be property of her individual estate due to the Trust's spendthrift clause. The bankruptcy court partially granted TRC's motion and on October 26, 1992 dismissed both the Trust and Hunt in her capacity as trustee on the grounds that neither were eligible to be a debtor under the Bankruptcy Code. Hunt filed a timely appeal from this order.

On appeal, TRC asserts that the issue of whether a trust or an individual as a trustee may be a debtor has become moot because Hunt did not obtain a stay from the order of dismissal, and that on October 27, 1992 TRC first recorded a certified copy of the bank-

---

1. Honorable John A. Rossmeissl, Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

2. This amends the PANEL'S OPINION filed on October 15, 1993.

3. Hunt alleges in her appellate brief that, at the time of the trustee sale, the Oxnard Property had a fair market value of at least $200,000.

ruptcy court order granting the motion to dismiss and then properly rerecorded the Deed with the Ventura County Recorder.

## ISSUES

1. Is this appeal moot because the recording of a deed perfected a pre-filing sale after the dismissal of the case?

2. Is a non-business trust eligible to be a "debtor" under the Bankruptcy Code?

## STANDARD OF REVIEW

The trial court based its decision that a non-business trust is ineligible to be a debtor on 11 U.S.C. § 109(d). Statutory interpretation is a question of law subject to *de novo* review. *See United States v. Gomez–Osorio*, 957 F.2d 636, 639 (9th Cir.1992).

## DISCUSSION

1. *Is the appeal moot?*

The Oxnard property was sold at a deed of trust sale to TRC on August 25, 1992. The bankruptcy case was filed and a copy of the petition was· recorded with the Ventura County Recorder on August 26, 1992. The Deed to TRC was recorded August 27, 1992. The chapter 11 was dismissed as to both the Trust and Hunt in her capacity as trustee on October 26, 1992. On October 27, 1992 TRC recorded the order of dismissal and rerecorded its trustee's deed. Based on these facts TRC argues that this appeal is moot because the transfer is perfected and cannot be avoided even if the trust prevails in this appeal.

■ TRC argues that, based on *In re Onouli–Kona Land Co.*, 846 F.2d 1170 (9th Cir.1988), an appellant's failure to obtain a stay prior to the sale of property renders moot an appeal from an order allowing the sale. *Id.* at 1171. It does not matter whether the order directly approves the sale, or simply lifts the automatic stay, thus permitting the sale. *Id.* TRC then relies on *In re Duncombe*, 143 B.R. 243, 246 (Bankr. C.D.Cal.1992) to assert recordation of a trustee's deed perfects a transfer against bankruptcy avoidance. Thus, TRC argues that because the Trust didn't obtain a stay

pending the appeal, TRC's rerecording of the deed perfects TRC's title in the Oxnard Property against avoidance.

This argument fails for a number of reasons. First, the bankruptcy mootness rule articulated in *Onouli* applies to sales made pursuant to bankruptcy court authorization. The rule's policy is to protect the finality of bankruptcy court approved sales. Here, Wells Fargo Mortgage's deed of trust sale was not conducted with the permission of the bankruptcy court, but instead was a non-judicial sale conducted before the bankruptcy was even filed. Thus the bankruptcy mootness rule is inapplicable to the sale and to this case.

Second, TRC's reliance on *Duncombe* is misplaced. *Duncombe* simply holds that the first to record a conveyance, (a purchaser's trustee's deed versus a debtor's notice of bankruptcy) prevails in an avoidance action.[4] 143 B.R. at 245. In *Duncombe*, the debtor won the race to record and was entitled to avoid a pre-petition foreclosure sale pursuant to the "strong arm" provision of the Bankruptcy Code. 11 U.S.C. § 544(a)(3). In our case Hunt recorded the bankruptcy petition with the Ventura County Recorder on the day of filing, August 26, 1992. TRC recorded the Deed a day later. The Trust thus won the race to record and might be able to avail itself of the provisions of § 544(a)(3).

TRC responds that its recording of the order of dismissal and rerecording of the Deed on October 27, 1992, the day after the case was dismissed, moots the appeal because the Trust did not seek and obtain a stay pending appeal, and because the rerecording of the Deed to perfect title now precludes the Trust from successfully avoiding the foreclosure sale.

TRC apparently argues that the recording of the order of dismissal somehow expunges the Trust's initial recording of notice of the bankruptcy, but offers no authority to support this proposition. However, if the Trust prevails on this appeal the dismissal would be vacated and the bankruptcy would be reinstated. The Trust's recording of the bankruptcy petition provides notice of the bank-

---

4. Cal.Civ.Code § 1214 (West Supp.1993).

ruptcy, and is prior to both the initial recording of the Deed on August 27 and the subsequent rerecording on October 27. Since recording of the petition is prior to either of TRC's recordings, the Trust is not precluded from availing itself of the avoiding powers of the Bankruptcy Code against the transfer. Therefore the rerecording of the Deed doesn't render the appeal moot.[5]

2. *Is the Trust or Hunt in her capacity as a trustee eligible to be a debtor under § 109 of the Bankruptcy Code?*

To be eligible for bankruptcy protection, one must be a "debtor." Hunt asserts that the Trust is eligible to be a debtor, and she is eligible both individually and in her capacity as trustee. It is undisputed that, individually, Hunt may be a debtor, and that the order appealed from only dismisses the Trust and the trustee.

Hunt reasons that under 11 U.S.C. § 109(d),[6] only a person that may be a debtor under Chapter 7 may be a Chapter 11 debtor, and that § 109(d) specifically excludes only stockbrokers, commodity brokers and railroads. A Chapter 7 debtor must be a "person" as defined under 11 U.S.C. § 101(41)[7] which includes an "individual, partnership and corporation"; a corporation is defined in § 101(9)(A)(v) as including business trusts. Hunt does not argue that the Trust is a business trust, but that the definition of "person" in § 101(41) should be read to include non-business trusts. She points out that § 101(41) does not use the terms "trust" or "trustee," that it only specifically excludes "governmental units," and that under the Code's rules of construction[8] the use of "includes" in § 101(41) should be given effect by including non-business trusts within the term "person." Additionally, relying on

the Supreme Court's decision in *Toibb v. Radloff*, —— U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991), Hunt reasons that Congress was aware of the possibility of non-business trusts seeking bankruptcy protection since the definition of "entity" in § 101(15) includes trusts, and concludes that if Congress wanted to exclude trusts from the definition of person in § 101(41) they would have specifically said so.

■ Hunt's reasoning is unpersuasive. First, Congress' inclusion of all trusts within the definition of "entity" but only business trusts within the definition of "person" and its decision to make only a "person", rather than an "entity", eligible to be a Chapter 7 or 11 debtor, suggests that Congress in fact intended to exclude non-business trusts from being eligible for bankruptcy protection.[9]

The use of "includes" in § 101(41) arguably allowing for a non-business trust to be a "person" might be persuasive if Congress had not already specifically included all trusts within the definition of "entity" in § 101(15). Moreover, the legislative history is clear that Congress did not intend the definition of "person" to include a non-business trust:

The definition [of "person"] does not include an estate or a trust, which are included only in the definition of "entity" as proposed in 11 USC 101(14).

H.R.Rep. No. 595, 95th Cong., 1st Sess. 313 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 25 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811. Similarly, *Colliers* points out that a non-business trust is not a person

---

5. In any event the appeal would not be moot in that the trust has other property besides the Oxnard real estate which might be administered in a bankruptcy case.

6. Section 109(d) states: "Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker and a railroad may be a debtor under chapter 11 of this title."

7. Section 101(41) states:
'person' includes individual, partnership, and corporation, but does not include governmen-

tal unit, *Provided, however,* That any governmental unit that acquires an asset from a person as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent of a person, will be considered a person for purposes of section 1102 of this title.

8. Section 102(3) provides that: " 'includes' and 'including' are not limiting."

9. *Accord In re Johnson,* 82 B.R. 618, 619 (Bankr. S.D.Fla.1988).

under § 101(41),[10] and the majority of case law[11] considering this issue also concludes that a non-business trust is not a "person".

Finally, Hunt's reliance on *Toibb v. Radloff* is also misplaced as *Toibb* is distinguishable from the present situation. Hunt relies on *Toibb* for the assertion that the Code should be read broadly when considering the availability of relief.[12] In *Toibb*, the Court applied a plain language analysis to hold that an individual not engaged in business may nevertheless be eligible for Chapter 11 protection. However, *Toibb* involved an individual; individuals, being expressly provided for under § 101(41) as persons, are eligible for Chapter 11 relief. This appeal involves a trust which is expressly defined in § 101(15) as an entity. Although a "person" is included as an "entity" in § 101(15), this does not qualify all entities to be a debtor under § 109(b). Only entities that are also a "person" qualify, and a non-business trust is not included in the definition of "person". Thus, a plain language analysis also concludes that a non-business trust is not a "person" entitled to Chapter 11 protection. Therefore, based on a plain reading of the statutes, the legislative history, and a majority of the case authority, a non-business trust is not a person under § 101(41) of the Code.

The next question is whether Hunt, as a trustee, is a "person" eligible to file for Chapter 11 protection. When an individual files in a representative capacity, the question of eligibility for bankruptcy protection turns on whether the party she represents is entitled to the protection sought. *In re Sanders*, 91 B.R. 317, 322 (Bankr.E.D.Pa. 1988). Since a individual trustee filing in a representative capacity files on behalf of a trust, eligibility turns on whether the trust itself is eligible for the protection sought.[13] The Trust is not a "person" eligible to be a debtor, and Hunt's filing in her capacity as trustee does not change that outcome.

The appellants rely on the case of *In re Foster*, 19 B.R. 28, 30 (Bankr.E.D.Pa.1982), for the proposition that the filing of a bankruptcy petition for one who is acting as a trustee places the legal title of the trust res into that bankruptcy estate. We have no quarrel with this proposition in that it simply conforms with the literal language of § 541(d).[14] The legal title Hunt held in the Oxnard Property at the time her petition was filed became property of her estate. There could be no transfer of that legal title without compliance with the provisions of the Bankruptcy Code. Likewise, any equitable interest Hunt held at the time of filing would also be included in her estate and subject to the protection provided by the Code. The automatic stay would prohibit an unauthorized transfer of either the legal title or the equitable interest. But it does not follow that the trust itself is therefore placed in bankruptcy. The court in *Foster* recognized that a non-business trust can not seek relief under the Bankruptcy Code. *Id.* at 30.[15] Thus, *Foster* does not support the appellant's argument

---

**10.** Colliers states: "[i]t is important to note that [the] definition of person does not include an estate or trust. Those terms are included in the definition of 'entity' under section 101(15)." 2 Colliers On Bankruptcy ¶ 101.41 (15th ed. 1993).

**11.** *See, e.g., In re Johnson*, 82 B.R. 618 (Bankr. S.D.Fla.1988); *In re Walker*, 79 B.R. 59 (Bankr. M.D.Fla.1987); *In re Old Second Nat. Bank Of Aurora*, 7 B.R. 37 (Bankr.N.D.Ill.1980).

**12.** Hunt relies on the Court's language that, "Congress knew how to restrict recourse to the avenues of bankruptcy relief; it did not place Chapter 11 reorganization beyond the reach of a nonbusiness individual debtor." —— U.S. at ——, 111 S.Ct. at 2199.

**13.** *See In re Sanders*, 91 B.R. 317, 322 (Bankr. E.D.Pa.1988). ("We believe the correct rule is that, if a trust is eligible to be a debtor, then an

individual may file a bankruptcy as a trustee on behalf of it.") *See also In re Old Second Nat. Bank of Aurora*, 7 B.R. 37, 38 (Bankr.N.D.Ill. 1980).

**14.** Section 541(d) provides that:

[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

**15.** The court in *Foster*, citing *In re Cahill*, 15 B.R. 639 (Bankr.E.D.Pa.1981), commented that a "trust may not seek relief." *Cahill* holds that a non-business trust is not eligible to be a debtor. 15 B.R. at 639.

that a non-business trust may be a debtor under the Bankruptcy Code.

Finally, 11 U.S.C. § 302(a) provides that joint cases may only be filed by "an individual that may be a debtor under such chapter and such individual's spouse." Although the petition here was not filed as a joint petition, it was filed both on behalf of the Trust and Hunt individually. Dismissal of the Trust would not dismiss Hunt's individual case. Under the Bankruptcy Act, many courts held that "jurisdiction in a proceeding for adjudication in bankruptcy 'comes from the statutes and is not conferred by the accuracy and precision of the averments made in the petition.'" 2 *Colliers,* ¶ 301.10 (15th ed. 1993) (citation omitted). Further, Federal Rule of Bankruptcy Procedure 1009 provides:

[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

The fact that Hunt's petition attempted to include an entity not entitled to bankruptcy protection would not invalidate her individual request for relief as she would be entitled to amend her petition. The bankruptcy court's order of dismissal merely clarified who was the appropriate debtor in this case.

### CONCLUSION

In summary, neither a non-business trust nor the trustee solely in a representative capacity are persons eligible for chapter 11 protection. The bankruptcy court's order of dismissal is AFFIRMED.