**In re DUVAR APT., INC., Debtor.**

**DUVAR APT., INC., Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Statutory Successor to the RTC Mortgage Trust 1994–N2 and the RTC as Receiver for State Street Bank and Trust Company, Appellee.**

**BAP No. CC–95–2002–JJaMe.**

**Bankruptcy No. LA–95–31754 KM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 19, 1996.

Decided Oct. 21, 1996.

Michael H. Lapidus, Los Angeles, CA, for Duvar Apt., Inc.

Lawrence H. Richmond, Federal Deposit Insurance Corporation, Legal Division, Los Angeles, CA, for F.D.I.C.

Before: JONES, JAROSLOVSKY[1], and MEYERS, Bankruptcy Judges.

1. The Honorable Alan Jaroslovsky, Bankruptcy Judge for the Northern District of California, sitting by designation.

## OPINION

JONES, Bankruptcy Judge:

The debtor, Duvar Apt., Inc., appeals from an order of the bankruptcy court granting relief from the automatic stay. Immediately after the debtor filed for chapter 11[2] relief, creditor Amresco filed a motion for relief from the automatic stay in order to foreclose on the debtor's sole asset, an apartment building. The bankruptcy court granted relief from the stay on the basis that the bankruptcy was filed in bad faith. The debtor appeals on the ground that in a single asset real estate case, the court cannot grant relief from the stay within ninety days of the bankruptcy filing. We **AFFIRM.**

## I. FACTS

The debtor, Duvar Apt., Inc., is the owner of an apartment building (the "property") named the Mariposa, which is located in Los Angeles. The original owner of the property was Fereydoun Houriani ("Houriani") who obtained a loan secured by a deed of trust from Western Federal Savings and Loan Association ("Western") in 1989. In October 1993, Houriani sold the property to Frank Tysen ("Tysen") without informing Western. Houriani took back a deed of trust which wrapped around the original note to Western. After experiencing financial difficulties, in December 1993, Western failed and Resolution Trust Corporation ("RTC") was appointed as a receiver. RTC transferred the rights in the Mariposa loan to a trust. Amresco Management, Inc. ("Amresco") began servicing the Mariposa loan.

In 1994, the property was severely damaged by an earthquake. Several apartments were left uninhabitable. Tysen became unable to make payments to Houriani. Houriani subsequently failed to make payments to Western. In 1995, Houriani was convicted of violating housing codes at other properties and was placed on probation. As a result, Houriani attempted to distance himself from apartment properties. Because of his proba-

2. Unless otherwise indicated, all references to Chapters, Sections and Rules are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.,* and to the Federal Rules of Bankruptcy procedure, Rules 1001, *et seq.*

tion and the financial risk to his credit if the Mariposa loan defaulted, Houriani decided to transfer the Mariposa property out of Tysen's hands. In February 1995, Houriani directed his employee Blaine Singleton to incorporate Duvar Apartments. Singleton is the only officer, director or employee of Duvar. Houriani then had Tysen transfer the property to Duvar by deed in lieu of foreclosure. The deed indicated that the property was transferred for zero consideration. The deed was not recorded. Duvar started rehabilitating several of the apartments using all of the rental income for repairs. No payments of the Western loan were made. On August 8, 1995, Amresco gave Houriani a ten day notice to cure the default. On August 24, 1995, Duvar filed for chapter 11 relief.

On August 28, 1995, Amresco made a motion for relief from the stay, which was granted after a hearing on September 5, 1995. In the hearing, the bankruptcy court held that based on the unrecorded deed, which transferred the property for zero consideration within six months of the bankruptcy filing, the debtor filed bankruptcy in bad faith pursuant to the new debtor syndrome. The debtor appeals the order lifting the stay. On October 31, 1995, the bankruptcy case was dismissed for cause. An appeal of the order of dismissal is pending.

## II. ISSUE

Did the bankruptcy court err in granting relief from the automatic stay?

## III. STANDARD OF REVIEW

■ A bankruptcy court's order granting relief from the stay for cause is reviewed for abuse of discretion. *In re Santa Clara County Fair Ass'n, Inc.,* 180 B.R. 564, 565 (9th Cir. BAP 1995); *In re Sun Valley Newspapers, Inc.,* 171 B.R. 71, 74 (9th Cir. BAP 1994).

## IV. DISCUSSION

A. *Does The Bankruptcy Court Have Jurisdiction To Grant Relief From The Stay In A Single Asset Case Before The Ninety Day Statutory Period Provided For In § 362(d)(3)?*

Although the bankruptcy court granted relief from the stay for cause pursuant to § 362(d)(1), the debtor argues that § 362(d)(1) is inapplicable to a single asset real estate case. The debtor argues that the only basis for a bankruptcy court to lift the stay in a single asset case is § 362(d)(3) which provides the debtor with a ninety day period to either propose a confirmable plan or commence making payments to creditors. The debtor argues that the bankruptcy court was in error in lifting the stay before the ninety day period expired.

Before the Bankruptcy Reform Act of 1994, § 362(d) provided that a court shall grant relief from the stay: (1) for cause; or (2) against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. The Bankruptcy Reform Act added subsection (3) to require debtors in a single asset real estate case to act in an expedited fashion or face the court granting a creditor relief from the stay. *In re Oceanside Mission Assoc.,* 192 B.R. 232, 235 (Bankr. S.D.Cal.1996). The statute now provides that a court shall grant relief from the stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; or

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90–day period)—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments. . . .

11 U.S.C. § 362(d) (1994).

The debtor argues that by adding subsection (3), Congress intended to provide only one statutory measure of relief from the automatic stay in single asset real estate cases. The debtor argues that § 362(d)(3) preempts the remainder of § 362(d). We disagree.

By first applying rules of statutory construction, we note that the term "or" between subsection (2) and (3) denotes that a bankruptcy court has authority under either subsections (1), (2) or (3) to grant relief from the stay. Before the 1994 amendments, the term "or" was between subsection (1) and (2), indicating that each subsection was an independent alternative for lifting the stay. *In re Can–Alta Properties, Ltd.*, 87 B.R. 89, 91 (9th Cir. BAP 1988). It then follows that after the amendments, section (3) is also an independent alternative for the bankruptcy court to grant relief from the stay. Further, *Collier on Bankruptcy* states:

> [t]he purpose of this amendment is to provide special circumstances for relief from the stay if a plan is not promptly filed or payments commenced. The court will not, of course, be precluded from granting relief under section 362(d)(1) or (2) where it is appropriate to do so even where the 90 days of section 362(d)(3) have not run.

2 Lawrence P. King, *Collier on Bankruptcy* ¶ 362.07 at 362–74 (15th ed. 1996). We also note case law, after the inclusion of the amendment, in which the stay was lifted for cause pursuant to § 362(d)(1) in a single asset real estate case. *See In re Laguna Assoc. Ltd. Partnership*, 30 F.3d 734, 738 (6th Cir.1994) (affirming an order granting relief from the stay in a single asset real estate case for cause pursuant to § 362(d)(1)). In *In re LDN Corp.*, 191 B.R. 320, 324–27 (Bankr.E.D.Va.1996), the bankruptcy court lifted the stay in a single asset real estate case pursuant to § 362(d)(1), (d)(2), and (d)(3).

■ It seems clear that although subsection (3) addresses the specific situation of single asset real estate cases, subsections (1) and (2) apply in those cases as well. A bankruptcy court has authority to grant relief from the stay for cause in a single asset real estate case before the expiration of § 362(d)(3)'s ninety day period. Next, we must consider whether cause existed to lift the stay.

## B. Did Cause Exist To Lift The Stay?

■ The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to § 362(d). *In re Walter*, 108 B.R. 244, 247 (Bankr.C.D.Cal.1989). The bankruptcy court granted relief from the stay for cause on the grounds that the debtor had filed for bankruptcy in bad faith under the new debtor syndrome. The term "new debtor syndrome" identifies a pattern of conduct which exemplifies bad faith cases. *Laguna*, 30 F.3d at 738 (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir.1986)). Indicia of the new debtor syndrome include: (1) transfer of distressed property into a newly created corporation; (2) transfer occurring within a close proximity to the bankruptcy filing; (3) transfer for no consideration; (4) the debtor has no assets other than the recently transferred property; (5) the debtor has no or minimal unsecured debt; (6) the debtor has no employees and no ongoing business; and (7) the debtor has no means, other than the transferred property, to service the debt on the property. *In re Yukon Enter., Inc.*, 39 B.R. 919, 921 (Bankr.C.D.Cal. 1984).

■ A creditor can establish a prima facie case of bad faith filing by showing the transfer of distressed property to the debtor within close proximity to the bankruptcy filing. *Id.* Once a prima facie case is established, the burden shifts to the debtor to demonstrate a good faith business reason for the transfer and the filing. *In re Eighty South Lake, Inc.*, 63 B.R. 501, 508 (Bankr. C.D.Cal.1986), *aff'd*, 81 B.R. 580 (9th Cir. BAP 1987). "If, in addition to the prima facie showing of bad faith, the creditor proves that its substantive or procedural rights have been adversely affected by the transfer and filing, 'cause' is established pursuant to 11 U.S.C. § 362(d)(1) and the Court

must lift the stay." *Yukon*, 39 B.R. at 921–22. In considering harm to a creditor, delay in and of itself does not constitute bad faith. *In re Thirtieth Place, Inc.*, 30 B.R. 503, 506 (9th Cir. BAP 1983). However, a court can consider delay coupled with other bad faith factors in determining the harm to a particular creditor. *Id.* The fact that the creditor's rights have not been adversely affected is not sufficient for the debtor to overcome the presumption of bad faith. *Yukon*, 39 B.R. at 922.

In this case, the transfer of the distressed property to the newly created debtor occurred in February. Although the bankruptcy petition was not filed until August, six months later, it was filed approximately two weeks after Amresco gave Houriani notice to cure the default or risk foreclosure. These facts constitute a prima facie case of bad faith filing under the new debtor syndrome. Other indicia of the new debtor syndrome present in this case include: the transfer of the property for no consideration; the newly created debtor has no assets other than the property; the debtor has no unsecured debt; the debtor has no means other than the property to service the debt; the debtor has only one employee, director and officer; the debtor is not an obligor on the note; and the deed was never recorded. We find that these facts constitute a wealth of indicia of bad faith. Because Amresco demonstrated a prima facie case of bad faith filing, the burden shifts to the debtor to demonstrate a good faith business reason for the transfer and the bankruptcy filing.

We first note that while the property was transferred by Tysen to the debtor, Houriani arranged the transfer and the incorporation of the debtor. The debtor states that the property was transferred to protect Houriani's credit and equity in the property and to avoid a possible violation of Houriani's probation for housing code violations. The property was transferred to the debtor solely for the benefit of Houriani. The debtor has no equity in the property. Further, the chapter 11 petition was filed to prevent foreclosure on the property. In *Eighty South Lake*, 63 B.R. at 508, the court held that the debtor did not meet its burden of showing a good faith transfer and filing where the debt-

or had no equity in the property and the debtor filed bankruptcy to stop a foreclosure sale. In this case, it seems obvious that Houriani orchestrated the creation of a new shell corporation whose sole purpose is to manage the property without liability on the note and prevent foreclosure on the property by filing for chapter 11 relief. The use of chapter 11 to create and organize a new business, not to reorganize or rehabilitate an existing enterprise, is a misuse of the reorganization process. *In re Powers*, 135 B.R. 980, 996 (Bankr.C.D.Cal.1991) (quoting *In re Victory Constr. Co., Inc.*, 9 B.R. 549, 565 (Bankr.C.D.Cal.1981)). The debtor has not made a sufficient showing to overcome the prima facie case of bad faith filing under the new debtor syndrome. The considerable bad faith indicia that are present, coupled with the delay of the foreclosure sale and the delay of receiving any payments on the property, adversely affected Amresco's rights. We find that cause existed to support the bankruptcy court's order lifting the stay.

### C. Must The Bankruptcy Court Determine Feasibility Of Reorganization Before Lifting The Stay On The Basis Of Bad Faith Filing?

The debtor argues that although there may be indicia of bad faith and the new debtor syndrome present, it was error for the bankruptcy court to lift the stay without determining whether the debtor could reasonably and feasibly reorganize. The debtor cites *In re Arnold*, 806 F.2d 937 (9th Cir. 1986), as standing for the proposition that the court must determine not only good faith, but also whether reorganization is feasible. The Ninth Circuit in *Arnold* held that a court should consider an amalgam of factors when determining the existence of good faith. *In re Marsch*, 36 F.3d 825, 828 (9th Cir.1994) (quoting *Arnold*, 806 F.2d at 939). However, the court stated that if it is obvious that the debtor is attempting to deter and harass creditors, good faith does not exist. *Arnold*, 806 F.2d at 939. The court then stated that if it is apparent that the purpose is not to delay or defeat creditors, but rather to attempt a speedy and efficient reorganization, good faith cannot be denied. *Id.* (citing *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. BAP 1983)). Therefore, although the

debtor's ability to reorganize is one aspect of good faith that a court may consider, it is the purpose of the bankruptcy filing which is determinative of whether the petition was filed in bad faith. The bankruptcy court did not enter any findings regarding the debtor's ability to reorganize, and we will not speculate as to the feasibility of reorganization. Regardless, it seems clear that the purpose of the transfer and the bankruptcy filing was to unreasonably delay the creditor Amresco. The debtor is a shell corporation that acted within the parameters of the new debtor syndrome. As such, the bankruptcy petition was filed in bad faith and cause existed for the court to lift the stay. Accordingly, **WE AFFIRM.**

## V. CONCLUSION

This is a case of new debtor syndrome. The debtor is a shell corporation which was formed solely to take possession of the distressed property and to prevent foreclosure by filing for chapter 11 relief. In a single asset real estate case, the bankruptcy court has the authority to lift the stay for cause pursuant to § 362(d)(1). The court did not abuse its discretion in holding that cause existed to lift the stay pursuant to § 362(d)(1). **WE AFFIRM.**